IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CIVIL ACTION NO. 5:69-cv-2771(MTT) |
| STATE OF GEORGIA, Peach County School District through the Peach County Board of Education, *et al.*, | ) ) ) ) ) |
| Defendant. | ) ) |

# ORDER

In this 53-year-old school desegregation case, Peach County School District ("PCSD"), unopposed by the United States, moves for a declaration of full unitary status.  Doc. 51.  For the following reasons, PCSD's motion (Doc. 51) is **GRANTED**.

## I. BACKGROUND

The United States filed this action in 1969 against the State of Georgia, school districts, and officials, seeking the desegregation of public schools throughout the State. On January 24, 1974, the Court entered a Consent Order desegregating various school districts, including PCSD.  In 2015, the parties jointly moved for a partial declaration of unitary status.[1]  Doc. 42.  The Court granted that motion and found that PCSD had achieved unitary status with respect to faculty and staff assignments, extracurricular

---

[1] When this case resurfaced in 2015, the Court ordered service on the early Plaintiff-Intervenors who were represented by counsel for the NAACP Legal Defense and Education Fund ("LDF").  Doc. 10 at 3. In response, the LDF stated it was satisfied that the United States was adequately representing the interests of African American students, faculty, and staff.  Doc. 14 at 1.  Should that change, the LDF noted it would "bring those issues to the courts attention."  *Id.* at 2.  On June 8, 2022, PCSD sent a copy of its unopposed motion for declaration of unitary status to the LDF.  Doc. 51 at 25.  The LDF has not responded or otherwise objected to the United States' position.

activities, facilities, and transportation.  Doc. 44.  As to student assignment, the United States opposed an immediate finding of unitary status because, based on PCSD's data, "significant racial disparities" remained in students admitted to PCSD's gifted program and advanced content courses.  Doc. 47 at 8-13.  Seven-years later, PCSD now moves for a finding that the district has eliminated the vestiges of *de jure* segregation with respect to student assignment.  Doc. 51.

## II. DISCUSSION

"Proper resolution of any desegregation case turns on a careful assessment of its facts."  *Freeman v. Pitts*, 503 U.S. 467, 474 (1992).  "To be entitled to the end of federal court supervision, a formerly dual school system must be able to prove that it has (1) complied in good faith with the desegregation decree, and (2) eliminated the vestiges of prior *de jure* segregation to the extent practicable."  *NAACP, Jacksonville Branch v. Duval Cty. Sch.*, 273 F.3d 960, 966 (11th Cir. 2001).  "To determine if a school board has shown a good faith commitment to a desegregation plan, a district court should, among other things, consider whether the school board's policies 'form a consistent pattern of lawful conduct directed to eliminating earlier violations.'"  *Lockett v. Bd. of Educ. of Muscogee Cty. Sch. Dist., Ga.*, 111 F.3d 839, 843 (11th Cir. 1997) (citation omitted).  With respect to whether the PCSD has eliminated the vestiges of *de jure* segregation to the extent practicable, the Court examine six areas of the school district's operations: student assignment, facilities, faculty, staff, transportation, and extracurricular activities *Green v. Cty. Sch. Bd. of New Kent Cty., Va.*, 391 U.S. 430, 435 (1968).  These so-called *Green* factors "must be free from racial discrimination" to

satisfy a finding of full unitary status. *Freeman*, 503 U.S. at 486; *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1337-38 (11th Cir. 2005).

Here, PCSD's compliance with the Court's orders and PCSD's willingness to work collaboratively with the United States demonstrates a pattern of good-faith compliance. The Court is satisfied PCSD has complied in good faith with the desegregation decree. As noted, the Court has already declared PCSD unitary as to all *Green* factors except student assignment. Doc. 44. Based on the information and data provided by PCSD in its unopposed motion (Doc. 51) and attached documents (Docs. 51-1; 51-2; 51-3; 51-4; 51-5; 51-6; 51-7), together with all the surrounding facts and the lengthy record in this case, the Court finds that PCSD has eliminated the vestiges of its past *de jure* segregation to the extent practicable with respect to student assignment. Accordingly, PCSD's motion for unitary status (Doc. 51) is **GRANTED**.

### III. CONCLUSION

In sum, the Court finds that the PCSD has met the standards entitling the school district to a declaration of unitary status and termination of this litigation. PCSD's motion for declaration of unitary status (Doc. 51) is **GRANTED**, the PCSD Board of Education is **DECLARED** full unitary, all prior injunctions are **DISSOLVED**, and this case is **DISMISSED**.

**SO ORDERED**, this 17th day of October, 2022.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT